**Michael J. Leegan, Esq. [ID#: 026311995]**
**GOLDBERG SEGALLA LLP**
902 Carnegie Center, Suite 100
Princeton, New Jersey 08540-6530
Tel.: (609) 986-1300
Fax.: (609) 986-1301
e-mail: mleegan@goldbergsegalla.com

**Vangelis Economou, Esq.** (*pro hac vice* to be filed)
**ECONOMOU IP LAW**
P.O. Box A-3220
Chicago, IL 60690-3220
Tel.: (847) 644-3500
Fax: (312) 427-9438
e-mail: Van@EconomouIP.com
*Attorneys for Defendant, MEK Chemical Corporation*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., <br><br> Plaintiff, <br><br> vs. <br><br> MEK CHEMICAL CORPORATION <br><br> Defendant. | Civil Action No.: 2:16-cv-09322 <br><br> **CERTIFICATION OF MICHAEL J. LEEGAN IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT DUE TO LACK OF PERSONAL JURISDICTION UNDER RULE 12(B)(2) AND IMPROPER VENUE UNDER RULE 12(B)(3)** |

I, Michael J. Leegan, Esquire, pursuant to 28 U.S.C. § 1746, certify as follows:

1. I am an attorney at law of the State of New Jersey, admitted to practice in the District Court of New Jersey and local counsel to Defendant MEK Chemical Corporation (hereinafter referred to as "MEK Chemical"). I am a partner at the law firm of Goldberg Segalla, LLP and represent MEK Chemical in this matter.

2. Defendant MEK Chemical Corporation (hereinafter referred to as "MEK Chemical") in response to the Complaint filed by Plaintiff Honeywell International Inc., (hereinafter referred to as "Honeywell") by and through undersigned counsel, moves before this Honorable Court to Dismiss this action as follows:

3. To dismiss the action on the ground that personal jurisdiction is lacking over the Defendant MEK Chemical because (a) the jurisdiction of this court is invoked solely on the ground that the action arises under the Constitution and laws of the United States and (b) the defendant is a corporation incorporated under the laws of the State of Illinois and is not licensed to do and is not doing business in the District of New Jersey, all of which more clearly appears in the Affidavit of Botao Liu, President of Defendant MEK Chemical Corporation, annexed hereto as Exhibit A.

4. To dismiss the action on the ground that the correct venue of U.S. District Court of New Jersey is the wrong district because (a) the jurisdiction of this court is invoked solely on the ground that the action arises under the Constitution and laws of the United States and (b) the defendant is a corporation incorporated under the laws of the State of Illinois and is not licensed to do or doing business in the District of New Jersey, all of which more clearly appears in the Affidavit of Botao Liu, President of Defendant MEK Chemical Corporation, annexed hereto as Exhibit A.

5. Annexed hereto as Exhibit B is a filed copy of Plaintiff's Complaint.

I hereby certify, under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

<b>GOLDBERG SEGALLA LLP</b>

BY:   /s/ Michael J. Leegan, Esq.
      Michael J. Leegan, Esq.
      *Attorneys for Defendant, MEK Chemical*

Dated:  January 5, 2017

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT

## FOR DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., | ] | |
| Plaintiff, | ] | |
| v. | ] | Civil Action No. 2:16-cv-09322 |
| MEK CHEMICAL CORPORATION, | ] | |
| Defendant. | ] | |

**Electronically Filed**

### AFFIDAVIT OF BOTAO LIU IN SUPPORT OF MOTION TO DISMISS IN LIEU OF AN ANSWER UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) and 12(b)(3)

I, Botao Liu, President of Defendant MEK Chemical Corporation (hereinafter "MEK Chemical"), relying on personal knowledge and following concerted and reasonable searches of corporate records, being duly sworn, deposes and says:

1. I am Botao Liu, President of Defendant MEK Chemical. I am a permanent resident of the State of Illinois.
2. MEK Chemical was incorporated in the State of Illinois on or about July 26, 2011.
3. As of the date of this Affidavit, MEK Chemical remains in good standing with the Secretary of State of Illinois. MEK Chemical continues to do business within the State of Illinois.

4. Since its date of incorporation, I have been and remain President and chief operating officer of MEK Chemical. I am intimately familiar with the operations, business relationships and corporate records of MEK Chemical.

5. Since becoming aware of the present lawsuit filed by Honeywell against MEK Chemical, I have personally conducted extensive electronic and physical searches of all relevant records of MEK Chemical from its date of incorporation in 2011 up to and including the date of this Declaration.

6. My searches and from personal memory I can unequivocally state that MEK Chemical is not now nor has ever done any business in the State of New Jersey or in this district.

7. MEK Chemical has no established place of business nor owns any property in New Jersey. It has no offices, facilities, agents or employees nor any contacts with any person or entity in the State of New Jersey or in this district.

8. MEK Chemical does not have a distribution agent or other contact nor any established channels of distribution in the State of New Jersey or in this district.

9. To my personal knowledge, MEK Chemical has not ever produced, distributed, sold, shipped, caused to be shipped into or offered for sale any products into the State of New Jersey, and specifically has never sold or offered for sale any products related to the HFC-245fa (1,1,1,3,3 pentafluoropropane) into the State of New Jersey nor has performed any services in State of New Jersey or this district.

10. To my knowledge and upon reasonable search and inquiry, no customers of MEK Chemical has sold or offered for sale any HFC245fa products to any person or entity in the State of New Jersey or this district.

11. I hereby state that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of title 18 of the United States Code, and that such willful false statements may jeopardize the subject matter for which this affidavit is filed or may result in sanctions against me and/or Defendant MEK Chemical Corporation.

Botao Liu, President, MEK Chemical

Sworn and subscribed to before me this 30th day of December, 2016.

Notary Public

"OFFICIAL SEAL"
TRACY E. ANDERSON
Notary Public, State of Illinois
My Commission Expires 04/23/19

3160257.1

# Exhibit B

Joseph P. LaSala
William T. Walsh, Jr.
McElroy, Deutsch, Mulvaney & Carpenter LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
(973)-993-8100

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC.,<br>Plaintiff,<br><br>v.<br><br>MEK CHEMICAL CORPORATION,<br>Defendant. | Civil Action No.<br><br>***Electronically Filed*** |

Plaintiff Honeywell International Inc., (hereinafter referred to as "Honeywell") by and through counsel, for its Complaint against Defendant MEK Chemical Corp. hereinafter referred to as "MEK Chemical") alleges on knowledge as to its actions, and upon knowledge and information and belief as to the actions of others, as follows:

## THE PARTIES

1. Plaintiff Honeywell International Inc., a Delaware corporation with its principal place of business in Morris Plains, New Jersey, is a leader in the development of innovative technologies including technologies related to blowing agents for insulation applications, and is the owner by assignment of patents covering innovative technologies related to these products. These technologies represent significant advances in the field of plastic

      foam insulation resulting in decreased utility costs and are environmentally friendlier than prior generation products.

2. Defendant MEK Chemical is an Illinois corporation and is headquartered at 1675 Hinterlong Lane, Naperville, Illinois 60563. MEK Chemical imports, sells, and/or offers for sale chemicals and related products in the United States.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, Title 35 of the United States Code, and is an action for patent infringement under § 271.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over MEK Chemical under the provisions of the New Jersey Long Arm Statute, N.J. CT R. 4:4-4, and consistent with the underlying due process principles of the U.S. Constitution. MEK Chemical is doing business in New Jersey, has offered for sale and sold products made by an infringing process in New Jersey, and has purposely shipped or caused to be shipped products made by an infringing process into New Jersey. Upon information and belief, MEK Chemical has significant contacts in New Jersey and has built established distribution channels in New Jersey.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a), 1391(b), 1391(c) and 1400(b).

## HONEYWELL'S INNOVATIONS IN CHEMICAL BLOWING AGENTS AND PROPELLANTS

7. Due to concerns regarding the environmental impact of chlorofluorocarbons (CFCs) and hydrochlorofluorocarbons (HCFCs), those products have been phased out in the United States. By contrast, hydrofluorocarbons (HFCs) do not deplete the ozone layer, and have therefore become popular substitutes for CFCs and HCFCs. Honeywell has expended tremendous resources researching and developing viable processes for manufacturing HFCs for use as heat transfer agents, blowing agents, and propellants.

8. Honeywell manufactures and markets the HFC 1,1,1,3,3-pentafluoropropane, commonly known as HFC-245fa, which has no ozone depletion potential. HFC-245fa is used primarily in thermal insulating applications, including building insulation. Honeywell is the largest supplier of HFC-245fa in the world.

9. HFCs are typically prepared by fluorinating a chlorinated organic compound with a fluorination agent like hydrogen fluoride in the presence of a fluorination catalyst. This reaction may be conducted in either the liquid or gas phase. Generally, the liquid phase fluorination is preferred because the reaction is controlled at relatively lower temperatures which results in less by-product formation due to decomposition.

10. Liquid phase fluorination, however, uses and generates corrosive compounds, such as, for example, hydrogen fluoride, hydrogen chloride, and catalysts, which form superacids. These superacids tend to corrode the reactor in which the reaction is conducted, even reactors comprised of corrosion-resistant materials. Corrosion of the reactor compromises the structural integrity of the reactor and reduces its useful life. Therefore, a need to minimize reactor corrosion exists.

3

11. Honeywell has expended significant resources and made substantial investments in research and development directed toward processes for efficiently manufacturing HFCs and HFC-245fa specifically. A portfolio of patents was developed to protect that investment is protected by a portfolio of patents, including the '912 patent asserted here.

## U.S. PATENT NO. 5,902,912

12. On May 11, 1999, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 5,902,912 entitled "Process for Preparing Hydrofluorocarbons" (hereinafter referred to as "the '912 Patent"), which is directed to a novel method for manufacturing an HFC while minimizing reactor corrosion. In particular, the '912 patent is directed to a method of combining a chlorinated organic compound and a fluorination agent in a reactor having a loose, fluoropolymer liner to produce an HFC.

13. Honeywell is the lawful owner of all right, title, and interest in and to the '912 Patent, including the right to sue for and recover for infringement thereof. The term of the '912 Patent has not expired. A true and correct copy of the '912 Patent is attached hereto as Exhibit A.

## MEK'S KNOWLEDGE OF THE '912 PATENT

14. On May 18 and July 28, 2016, Honeywell sent correspondence to MEK Chemical, providing notice of its portfolio of patents directed to HFC-245fa and processes for its manufacture, and expressing concerns that the HFC-245fa products that MEK Chemical was purchasing from certain Chinese suppliers fell within the scope of Honeywell's patents. Specifically included in Honeywell's May correspondence was identification of the '912 patent.

15. In September 2016, MEK Chemical's Chinese supplier of HFC-245fa, Zibo Aohong Chemical Technology Co. ("Aohong") sent a letter and declaration to Honeywell indicating that it was analyzing Honeywell's patents with the intention of issuing a "Formal Letter of Guarantee to Mek Chemicals Corporation." Honeywell has not received any additional correspondence from Aohong regarding its analysis or any guarantee to MEK Chemical.

16. On November 17, 2016, Honeywell received correspondence from MEK, confirming receipt of Honeywell's correspondence, and describing conversations with Honeywell during which Honeywell provided information to MEK Chemical regarding particular areas of concern with respect to the process by which MEK Chemical's Chinese supplier Aohong was manufacturing HFC-245fa.

## CLAIM I – INFRINGEMENT OF U.S. PATENT NO. 5,902,912

17. The allegations contained in Paragraphs 1 through 16 above are incorporated herein by reference.

18. Upon information and belief, MEK Chemical has offered to sell, sold, and/or imported into the United States hydrofluorocarbon products, including at least 1, 1, 1, 3, 3-pentafluoropropane, known in the industry as HFC-245fa, and its products identified as CG-422 and MK422, and continues to do so, all without authority from the patent holder, Honeywell.

19. MEK Chemical has known about Honeywell's technology and has known that Honeywell's technology is patented since at least as early as May 18, 2016, which is the date on which Honeywell sent correspondence to MEK Chemical. In correspondence to

Honeywell dated November 17, 2016, MEK Chemical confirmed its receipt of that correspondence.

20. MEK Chemical has directly infringed the '912 Patent within the prohibitions of at least 35 U.S.C. §§ 271(b) and 271(g) including at least independent Claim 1 and dependent Claims 2-4, and 6 and continues to do so.

21. On information and belief, MEK Chemical is a United States wholesale distributor that imports into the United States, offers to sell, sells, or uses within the United States HFC-245fa made by an infringing process.

22. On information and belief, MEK Chemical purchases HFC-245fa from Zibo Aohong Chemical Technology Co., Ltd., which is practicing the '912 Patent in its production of HFC-245fa. On information and belief, MEK Chemical sells HFC-245fa to third parties to sell to end users.

23. Upon information and belief, MEK Chemical's infringement of the '912 Patent has been willful, egregious, and deliberate and the infringement was either known to MEK Chemical or so obvious that it should have been known to MEK Chemical that its actions constitute infringement of the '912 Patent.

24. Honeywell has been and will continue to be damaged and irreparably injured unless this Court enjoins MEK Chemical's infringing activities.

**PRAYER FOR RELIEF**

WHEREFORE, Honeywell respectfully seeks that the Court grant the following relief:

1. Enter judgment for Honeywell against MEK Chemical for infringement of the '912 Patent;

2. Permanently enjoin MEK Chemical, its officers, directors, principals, agents, sales representatives, servants, employees, successors, assigns, affiliates, subsidiaries and all those acting in concert or participation with them, from directly or indirectly infringing, inducing infringement or contributing to the infringement of any claim of the '912 Patent pursuant to 35 U.S.C. § 283;

3. Enter judgment in favor of Honeywell and against MEK Chemical for an amount that will adequately compensate it for MEK Chemical's infringement, but under no circumstances an amount less than a reasonable royalty for each MEK Chemical's use of Honeywell's patented invention;

4. Enter judgment in favor of Honeywell and against MEK Chemical for pre-judgment interest and post-judgment interest on all damages awarded;

5. Enter judgment in favor of Honeywell and against MEK Chemical for three times the amount of damages pursuant to 35 U.S.C. § 284 because of MEK Chemical's willful infringement;

6. Enter judgment in favor of Honeywell and against MEK Chemical for Honeywell's attorneys' fees and costs pursuant to 35 U.S.C. § 285;

7. Enter judgment in favor of Honeywell and against MEK Chemical for Honeywell's costs of suit; and

8. Enter other such and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Honeywell respectfully requests a trial by jury on all the issues triable thereby pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this action.

Dated: December 16, 2016                    /s/ Joseph P. LaSala
                                            Joseph P. LaSala, Esq.
                                            McElroy, Deutsch, Mulvaney & Carpenter, LLP

                                            Bruce J. Rose, N.C. Bar No. 20105
                                            Scott Benjamin Pleune
                                            Tasneem A. Dharamsi
                                            ALSTON & BIRD LLP
                                            101 South Tryon Street, Suite 4000
                                            Charlotte, North Carolina 28280-4000
                                            (704) 444-1000 (telephone)
                                            (704) 444-1111 (facsimile)
                                            bruce.rose@alston.com

## RULE 11.2 CERTIFICATION

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiff that should be joined to this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated: December 16, 2016            McElroy, Deutsch, Mulvaney, & Carpenter, LLP

/s/ Joseph P. LaSala
Joseph. P. LaSala

## RULE 201.1 CERTIFICATION

We hereby certify that the above-captioned matter is not subject to compulsory arbitration.

Dated: December 16, 2016

McElroy, Deutsch, Mulvaney, & Carpenter, LLP

/s/ Joseph P. LaSala
Joseph. P. LaSala