UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., <br><br> Plaintiff, <br><br> vs. <br><br><br> MEK CHEMICAL CORPORATION <br><br> Defendant. <br><br> **Electronically Filed** | Civil Action No.: 2:16-cv-09322 |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, PRESENTING DEFENSES OF LACK OF PERSONAL JURISDICTION UNDER RULE 12(B)(2) AND OF IMPROPER VENUE UNDER RULE 12(B)(3)

## RETURN DATE: February 6, 2017

**Michael J. Leegan, Esq. [ID#: 026311995]**
**GOLDBERG SEGALLA LLP**
902 Carnegie Center, Suite 100
Princeton, New Jersey 08540-6530
Tel: (609) 986-1300
Fax: (609) 986-1301
e-mail: mleegan@goldbergsegalla.com

**Vangelis Economou, Esq.** (*pro hac vice* to be filed)
**ECONOMOU IP LAW**
P.O. Box A-3220
Chicago, IL 60690-3220
Tel.: (847) 644-3500
Fax: (312) 427-9438
e-mail: Van@EconomouIP.com

On the Brief:   Michael J. Leegan, Esq.
                Vangelis Economou, Esq.
                *Attorneys for Defendant, MEK Chemical Corporation*

# TABLE OF CONTENTS

INTRODUCTION AND SUMMARY ................................................................................... 1

FACTUAL BASIS .................................................................................................................. 1

RELEVANT LEGAL STANDARDS ..................................................................................... 2

LEGAL ARGUMENT ............................................................................................................. 3

    POINT I. New Jersey Lacks Personal Jurisdiction Over Defendant MEK Chemical ............... 3

    POINT II. New Jersey Has No Specific Personal Jurisdiction Over Defendant ....................... 4

    POINT III. Venue is Improper Both under 28 USC §1391 and under 28 USC §1400(b) .......... 5

        A.   Venue under 28 USC §1391 requires Personal Jurisdiction, which has been shown above to be lacking    5

        B.   Venue under 28 USC §1400(b) also requires Personal Jurisdiction, which has been shown above to be lacking    7

        C.   Both Jurisdiction and Venue in this District would be Against Fair Play and Substantial Justice    10

CONCLUSION ....................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) .......................................................... 3

*Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992) .................................................. 2

*Corigliano v. Classic Motor, Inc.*, 611 Fed. Appx. 77, 2015 U.S. App. LEXIS 7722,
  2015 WL 2167743 (3d Cir. N.J. 2015) ........................................................................... 2, 10

*Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957) ............................................ 9

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ................................................. 3

*Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) ............................................................. 3

*O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) ............................... 10

*Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) ................................................ 2

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987) .................... 3

*Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) .... 2

*Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561 (1942) .................................................... 8

*TC Heartland v. Kraft Foods* (Supreme Court Docket no. 16-341; Petition Granted
  Dec. 14, 2016) ................................................................................................................. 8, 9

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67, n.9 (3d Cir. 1984) ............. 2

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003) ......................................... 2

*VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990) .................. 8, 9

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ........................................ 3

**Statutes**

28 USC §1391 ............................................................................................................................. 5, 8

28 USC §1391(b) ............................................................................................................................ 5

28 USC §1391(c) ........................................................................................................................ 8, 9

iii

28 USC §1400 .................................................................................................................. 7, 8, 9

28 USC §1400(b) ......................................................................................................... 5, 7, 8, 9

## INTRODUCTION AND SUMMARY

Defendant MEK Chemical in support of the separate and independent motions to dismiss this action based on the Constitution and laws of the United States sets forth the reasons therefor as separate and independent grounds for dismissal:

## FACTUAL BASIS

Defendant MEK Chemical does not now and has not ever done business, has not had an established place of business in nor any contacts with any person or entity in the State of New Jersey or in the District of New Jersey. Liu Affidavit (Exhibit A). In relevant part, the Liu Affidavit states as follows: Through extensive electronic and physical searches of all relevant records of MEK Chemical from its date of incorporation in 2011 up to and including the date of the Affidavit, no records exist that show any business by MEK Chemical with any entity or person in the District of New Jersey. MEK Chemical does not have any established channels of distribution in the State of New Jersey or in the District of New Jersey. The factual basis and evidence in support of these statements is found in the Affidavit of Botao Liu, President of Defendant MEK Chemicals, attached hereto as Exhibit A.

Defendant MEK Chemical Corporation is an Illinois corporation that conducts business mostly in the state of Illinois, where its principal office and headquarters are located. See Exhibit B, a filed copy of plaintiff's Complaint, ¶2.

As set forth in the attached Exhibit A, Liu Affidavit, ¶¶6-9, MEK Chemical does not conduct any business of any kind in New Jersey, Liu Affidavit, Exhibit A, ¶6. MEK Chemical has never conducted or participated in a meeting within the State of New Jersey. *Id.* at ¶7. Neither has MEK Chemical produced or distributed any of the allegedly infringing products, or any products of any type, or performed any services in New Jersey. *Id.* ¶9. MEK Chemical owns no property

1

in New Jersey, and has no offices, facilities, or employees in New Jersey. *Id.* MEK Chemical has no resident agents in New Jersey, is not licensed to transact business in New Jersey, and does not transact business in the State of New Jersey or in this district. *Id.* ¶8.

## RELEVANT LEGAL STANDARDS

"[I]n deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003) (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)), *Corigliano v. Classic Motor, Inc.*, 611 Fed. Appx. 77, 2015 U.S. App. LEXIS 7722, 2015 WL 2167743 (3d Cir. N.J. 2015). Once a defendant raises a jurisdiction defense, the burden of establishing the court's jurisdiction rests with the plaintiff. *Corigliano*, 611 Fed. Appx. at 79; *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987), *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). The jurisdictional allegations of plaintiff must be supported by competent evidence, that is, affidavits, documents, or depositions. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67, n.9 (3d Cir. 1984).

A federal district court is permitted to exercise "personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Provident, 819 F.2d* at 436. New Jersey's long-arm statute provides for both general and specific jurisdiction to the "fullest extent allowed under the Constitution of the United States and may be based on the most minimum contacts with this Commonwealth allowed under the Constitution of the United States." The 3rd Circuit recognized that "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Corigliano* 611 Fed. Appx. at 79. The limit on a long-arm statute is satisfied when the defendant

2

5995851.1

purposefully establishes "minimum contacts" in the forum state, by deliberately engaging in significant activities or by creating continuing obligations such that he has "availed himself of the privilege of conducting business there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). These acts must be "such that [a defendant] should reasonably anticipate being haled into court [in the forum state]." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Corigliano* 611 Fed. Appx. at 79. Plaintiff must meet the burden of proof and present a *prima facie* case for the exercise of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Corigliano* 611 Fed. Appx. at 79; *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987)).

## LEGAL ARGUMENT

### POINT I. New Jersey Lacks Personal Jurisdiction Over Defendant MEK Chemical

Here, Defendant MEK Chemical has no "continuous and systematic" contacts with New Jersey that would give rise to general jurisdiction, and none have been supported by evidence in the Complaint. As described above and supported by the Affidavit of Mr. Liu, Defendant MEK Chemical does not have any contacts with the State of New Jersey whatsoever. Defendant MEK Chemical does no business in New Jersey, has not participated in meetings in New Jersey, does not produce or distribute any goods in New Jersey, does not own property in New Jersey, and does not pay taxes of any kind to the State of New Jersey.

Indeed, the only allegations in the Complaint to suggest that MEK Chemical has "continuous and systematic" contacts with New Jersey are conclusory and unsupported by the remainder of the allegations in the Complaint. In this case, Plaintiff Honeywell must establish

3

that sufficient contacts exist between Defendant MEK Chemical, on the one hand, and New Jersey, on the other, to defeat MEK Chemical's present challenge to personal jurisdiction. Honeywell had failed to plead any particular and significant contacts of Defendant MEK Chemical in New Jersey, and the Complaint is deficient on its face in this regard as being conclusory.

Moreover, Defendant MEK Chemical has introduced as Exhibit A to this Motion, the Affidavit of Botao Liu, MEK Chemical's President. Mr. Liu unequivocally denies any significant links between the corporate Defendant MEK Chemical and New Jersey or to this district. Therefore, there is no basis upon which to assert general personal jurisdiction over MEK Chemical in this case.

**POINT II.    New Jersey Has No Specific Personal Jurisdiction Over Defendant**

Similarly, no specific jurisdiction over Defendant MEK Chemical exists, because the Complaint fails to support with evidence its allegations that MEK Chemical has sufficient minimum contacts with New Jersey sufficient to justify bringing any of the claims against Defendant in this district. MEK has had no contact with anyone in New Jersey concerning this matter, (other than privileged communications between Plaintiff Honeywell's and MEK Chemical's counsel). As set forth in the Liu Affidavit, there have been no sales or shipments into New jersey of the accused product, and no offers or discussion has occurred with the specific goal to sell or ship into New Jersey any allegedly infringing products.

Furthermore, specific personal jurisdiction must comport with "traditional notions of fair play and substantial justice." The Complaint fails to support with evidence its allegations to suggest or demonstrate that MEK Chemical should have reasonably expected to be haled into a New Jersey court. On the contrary, as has been shown, MEK Chemical has no contacts with New Jersey whatsoever. Therefore, to subject MEK Chemical to the jurisdiction of this Court would

4

5995851.1

be entirely inconsistent with notions of fair play and substantial justice. The Court should dismiss this action.

**POINT III.    Venue is Improper Both under 28 USC §1391 and under 28 USC §1400(b)**

This action has been filed in the wrong district because (a) the jurisdiction of this court is invoked solely on the ground that the action arises under the Constitution and patent laws of the United States and (b) the defendant is a corporation incorporated under the laws of the State of Illinois and is not licensed to do or doing business in the District of New Jersey, all of which is more clearly set forth in the Affidavit of Botao Liu, President of Defendant MEK Chemical Corporation, Exhibit A.

Venue for patent infringement actions is properly determined under the patent venue provision of the US Code (28 USC §1400(b)). However, under Federal Circuit law definition of where the "defendant resides" has incorporated therein and is interpreted so to apply the definition of "resident" of 28 USC §1391(c) for a corporate entity. This Federal Circuit interpretation of where a defendant "resides" for venue purposes is presently under reconsideration by the US. Supreme Court, as set forth below.  Nevertheless, under either standard, i.e., the general venue statute of 28 USC §1391(c) or the special venue statute of 28 USC §1400(b), Plaintiff has not shown any evidentiary factual basis for claiming venue is proper in this district, Complaint, ¶6.

**A. Venue under 28 USC §1391 requires Personal Jurisdiction, which has been shown above to be lacking.**

The relevant Venue Statute for corporations foreign to New Jersey is 28 USC §1391(b) and(c) which state in relevant part:

> • **(b) Venue in General.** —A civil action may be brought in—

5

(i) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(ii) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(iii) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

- (c) **Residency.** —For all venue purposes—

(i) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;

(ii) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, . . . ."

The arguments establishing lack of personal jurisdiction over Defendant MEK Chemical have been set forth above. Personal jurisdiction is lacking because a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" did not occur in nor is situated in New Jersey. New Jersey is not a "judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action", as shown above. Lack of personal jurisdiction and any actions or omissions by MEK Chemical occurring in the district shows MEK Chemical to have insufficient

6

5995851.1

contacts and thus renders venue improper in the District of New Jersey. The factual basis for the lack of both jurisdiction and the impropriety of venue is amply supported by the Affidavit of Botao Liu, MEK Chemical's President, Exhibit A.

MEK Chemical fails to "reside" in this district under any reasonable interpretation of residency. MEK Chemical is not subject to the Court's personal jurisdiction under the New Jersey long-arm statute, under even the most liberal interpretation thereof. Insufficient contacts, and a lack of any of Defendant's activities, property or business in New Jersey also establishes that venue is improper in this district.

However, venue is improper on other grounds as well.

## B. Venue under 28 USC §1400(b) also requires Personal Jurisdiction, which has been shown above to be lacking

Venue in patent infringement actions is governed by a special venue statute, namely, 28 USC §1400(b). This statute, §1400(b), is the specific venue statute for patent actions and states in relevant part as follows:

28 USC §1400 : US Code - Section 1400: Patents and copyrights, mask works, and designs –

\* \* \*

> (b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

It is clear that the action cannot be brought in the District of New Jersey because the Defendant does not reside in this district, under the plain interpretation of the special venue statute. It has also been shown that no evidence exists that the Defendant has committed acts of infringement

7

and has a regular place of business in the District of New Jersey. This does not end the inquiry, however.

Under a 1990 interpretation by the Federal Circuit, the definition of "resident" as found in 28 USC §1391 has been interpreted to be incorporated into the definition of "resident" under 28 USC §1400(b), thereby broadening the term to reach "any judicial district in which such defendant is subject to the court's personal jurisdiction." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990). As set forth above, this Court lacks Personal Jurisdiction over the Defendant MEK Chemical, so even if the Federal Circuit interpretation in *VE Holding Corp* is taken as settled, venue is improper because personal jurisdiction is lacking.

In addition, however, the US Supreme Court has recently granted Certiorari in a case on which the issue to be decided is:

> "Whether the patent venue statute, 28 USC §1400(b), which provides that patent infringement actions "may be brought in the judicial district where the defendant resides[,]" is the sole and exclusive provision governing venue in patent infringement actions and is not to be supplemented by the statute governing "[v]enue generally," 28 USC §1391, which has long contained a subsection (c) that, where applicable, deems a corporate entity to reside in multiple judicial districts." *TC Heartland v. Kraft Foods* (Supreme Court Docket no. 16-341; Petition Granted Dec. 14, 2016).

The Supreme Court in several cases has reiterated that 28 USC §1400(b) and its predecessors has long established the rule for patent infringement cases as being "the exclusive provision controlling venue in patent infringement proceedings." In *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561 (1942), the Supreme Court reversed a Third Circuit opinion that

8

5995851.1

had expanded patent venue beyond the limits imposed by Congress in the 1911 Act regarding venue in patent infringement cases. The *Stonite* Court interpreted the statute as being "the exclusive provision controlling venue in patent infringement proceedings," *Stonite*, 315 U.S. at 563. Similarly, the Supreme Court in *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957), granted certiorari and reversed the Second Circuit on the same issue presented in the *Stonite* case. In that case, the Supreme Court ruled that "28 USC §1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 USC §1391(c)."

Rejecting the reasoning of these and other Supreme Court cases based on 1988 amendments to the provisions of 28 USC §1391(c), the Federal Circuit, in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990) held that the change in the wording of §1391(c) made by 1988 amendments to the patent infringement special venue statute, created a situation in which "[s]ection 1391(c) as it was in *Fourco* is no longer" the law. *VE Holdings* 917 F.2d at 1579. It is this issue on which the Supreme Court accepted certiorari in the *TC Heartland v. Kraft Foods* case.

Defendant MEK Chemical relies on the plain meaning of the patent venue statute as not being a "resident", that MEK Chemical lacks any contacts in the District of New Jersey, and on the interpretation of the statute that it "is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 USC §1391(c)." *Fourco*, 353 U.S. at 229. Under a reasonable interpretation of the special venue provisions for patent infringement actions found in 28 USC §1400(b), venue is improper in this District.

## C. Both Jurisdiction and Venue in this District would be Against Fair Play and Substantial Justice

Defendant MEK Chemical further suggests it is against fair play and substantial justice for venue to be in this district. "To prove specific jurisdiction, a plaintiff must show that the defendant has purposefully directed its activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. If those two requirements are met, a court then considers whether the exercise of jurisdiction would comport with fair play and substantial justice. *Corigliano*, 611 Fed. Appx. 77 at 80-81. However, to be subject to specific jurisdiction, the defendant must have "purposefully availed itself of the privilege of conducting activities within the forum." *Id.* at 81 citing *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3rd Cir. 2007).

In *Corigliano*, the defendant's interactive website was found not to qualify as purposeful contact. The court "observed that the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Corigliano*, 611 Fed. Appx. at 80.

As has been shown above and in the Liu Affidavit (Exhibit A), Defendant MEK Chemical has not only failed to "purposefully avail" itself of the conducting activity in the State of New Jersey and in this district, but has not had any contacts or any activities whatsoever in this district. There is no evidence that MEK Chemicals targeted New Jersey residents. There is no evidence that MEK Chemical has had any interaction either on-line, by e-mail, or by telephone with anyone in this district. MEK Chemical, to its present knowledge and belief,

10

5995851.1

knows of no sales of any of its products, whether or not of the accused products, within this district by any of its customers. Thus, it would not comport with fair play and substantial justice to hale Defendant MEK Chemical in this district.

## CONCLUSION

Personal Jurisdiction over Defendant MEK Chemical, both general and specific is lacking and has not been properly alleged. Lack of personal jurisdiction over Defendant MEK Chemical renders improper venue in this district under either the general or the special venue statutes.

Venue is improper both because personal jurisdiction is lacking and also because the remaining requirements of 28 USC §1400(b) have not been met. Defendant MEK Chemical neither "resides", nor has any property or established place of business, nor has engaged in any activities in this district that would subject it to jurisdiction by this Court.

For the above reasons, Defendant respectfully requests this Honorable Court to dismiss this action.

                              **GOLDBERG SEGALLA LLP**

BY:   /s/ Michael J. Leegan, Esq.
         **Michael J. Leegan, Esq. [ID#: 026311995]**
         902 Carnegie Center, Suite 100
         Princeton, New Jersey 08540-6530
         (609) 986-1300
         (609) 986-1301  (fax)
         *Attorneys for Defendant, MEK Chemical*