## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., <br><br> Plaintiff, <br><br> vs. <br><br><br> MEK CHEMICAL CORPORATION <br><br> Defendant. <br><br> **Electronically Filed** | Civil Action No.: 2:16-cv-09322 SDW-LDW <br><br><br> Oral argument is requested |

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, PRESENTING DEFENSES OF LACK OF PERSONAL JURISDICTION UNDER RULE 12(B)(2) AND OF IMPROPER VENUE UNDER RULE 12(B)(3)**

**RETURN DATE:  February 6, 2017**

---

**Michael J. Leegan, Esq. [ID#: 026311995]**
**GOLDBERG SEGALLA LLP**
902 Carnegie Center, Suite 100
Princeton, New Jersey 08540-6530
Tel:  (609) 986-1300
Fax:  (609) 986-1301
e-mail:  mleegan@goldbergsegalla.com

**Vangelis Economou, Esq.**  (*pro hac vice* to be filed)
**ECONOMOU IP LAW**
P.O. Box A-3220
Chicago, IL 60690-3220
Tel.: (847) 644-3500
Fax: (312) 427-9438
e-mail:  Van@EconomouIP.com

On the Brief:  Michael J. Leegan, Esq.
                       Vangelis Economou, Esq.
                       *Attorneys for Defendant, MEK Chemical Corporation*

## TABLE OF CONTENTS

INTRODUCTION AND SUMMARY ........................................................... 1

FACTUAL BASIS.................................................................................. 1

RELEVANT LEGAL STANDARDS........................................................... 2

LEGAL ARGUMENT ............................................................................. 3

    POINT I.    Defendant MEK Chemical Never Imported any Goods into New Jersey ...... 3

      A. The Premise of a Specific Act of Infringement in the District of New Jersey is Wrong    3

      B. The Final Destination of the Shipment Relied Upon Was to Chicago, Illinois    4

    POINT II. MEK Chemical never availed itself of New Jersey's jurisdiction...................... 5

    POINT III. Venue is Improper Both under 28 USC §1391 and under 28 USC §1400(b).. 6

    POINT IV.  Response to Honeywell's Memorandum in Opposition ................................... 7

CONCLUSION ...................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Corigliano v. Classic Motor, Inc.*, U.S. App. 2015 WL 2167743 (3d Cir. N.J. 2015)................... 2

*Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957) ..................................... 6

*Hanson* v. *Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958) ......................... 3

*International Shoe Co.* v. *Washington*, 326 U. S. 310, 316.......................................................... 7

*J. McIntyre Machinery, Ltd., v. Nicastro*, 564 U.S. 873, 877; 131 S. Ct. 2780; 180 L. Ed. 2d
    765 (2011)................................................................................................................... 3, 5

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) ............... 3

**Statutes**

28 USC §1391(c) ..................................................................................................................... 6

28 USC §1400(b) ................................................................................................................. 6, 9

## INTRODUCTION AND SUMMARY

Defendant MEK Chemical Corporation, ("MEK Chemical") in reply to Plaintiff Honeywell's Memorandum of Law in Opposition to MEK Chemical's Motion to Dismiss and in support of MEK Chemical's separate and independent motion to dismiss this action based on the Constitution and laws of the United States replies as follows:

## FACTUAL BASIS

Defendant MEK Chemical does not now and has not ever done business in New Jersey. MEK Chemical has not had an established place of business in, nor any contacts with any person or entity in the State of New Jersey or in the District of New Jersey.  Liu Affidavit (Exhibit A to Motion to Dismiss).  These facts are uncontroverted.

Plaintiff Honeywell has submitted in support of its Opposition a document, entitled "Bill of Lading Detail," (Exhibit L to Plaintiff's Opposition to Defendant's Motion to Dismiss) for which provenance is from a service identified in the Declaration of Sanjeev Rastogi (Exhibit A to Plaintiff's Opposition to Defendant's Motion to Dismiss) as being obtained from a service "The Import and Export Reporting Service", a service provided by a private entity, which is known by the name of PIERS.  That document is an incomplete statement of the information set forth on the actual Bill of Lading that was issued to the Defendant MEK Chemical.  In further reliance on this single unverified document having little if any legal effect, Plaintiff Honeywell has attempted to bolster its mistaken supposition that it provides a basis for jurisdiction in the District of New Jersey through the Declaration of Mr. Rastogi (Exhibit A to Plaintiff's Opposition to Defendant's Motion to Dismiss).

The Declaration states in pertinent part and on belief as follows:

1

5. . . . Based on my experience with domestic and international shipment of goods, I believe the representation made by MEK's counsel is inaccurate. Any shipment coming from China with a destination of Illinois would most likely have a "U.S. Destination" of Los Angeles or some other port on the west coast of US or Canada and not Newark as the Bill of Lading reflects. This is because a shipment to Newark from China would need to pass through the Panama Canal and then travel north to Newark, whereas a shipment to Los Angeles (and then by rail to Illinois) would be considerably less expensive.

Defendant MEK Chemical submits as an attachment hereto the Affidavit of Stephanie Wyatt, Customs broker for MEK Chemical, which unequivocally states the facts within the original Bill of Lading ("the Wyatt Affidavit" attached hereto as Exhibit 1). The Wyatt Affidavit is based on the personal knowledge of Ms. Wyatt, and is supported by four exhibits comprising the actual shipping documents pertaining to the shipment of the goods alleged in Plaintiff's papers to have been shipped into New Jersey.   These Exhibits include copies of the Entry Summary and the Entry/Immediate Delivery for Bill of Lading Number VGLTUILE5060253, both issued by the U.S. Department of Homeland Security.   The Wyatt Affidavit and the supporting documents show the final destination of the shipment to have actually been to Chicago, Illinois (Exhibits A-D of the Wyatt Affidavit, attached). This is completely contrary to the proposed interpretation assumed by Plaintiff Honeywell as showing shipment into New Jersey.

## RELEVANT LEGAL STANDARDS

Defendant MEK Chemical will not repeat the relevant legal standards set forth in its Memorandum of Law in Support of the Motions to Dismiss to avoid redundancy.  However, the law is clear regarding the reach of the New Jersey Long Arm Statute.   Plaintiff must meet the burden of proof and present a *prima facie* case for the exercise of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Corigliano v. Classic Motor, Inc.*, 611 Fed. Appx. 611 Fed. Appx. 77, 79, 792015

U.S. App. LEXIS 7722, 2015 WL 2167743 (3d Cir. N.J. 2015); *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

Introducing goods into the "stream of commerce," without more, is no longer a proper basis of personal jurisdiction.  The defendant must have purposefully availed himself of the judicial power of the forum as a basis for personal jurisdiction.  Adjudicating another case relying on the New Jersey long arm statute for personal jurisdiction, the U.S. Supreme Court opined:

> ". . . .Although the New Jersey Supreme Court issued an extensive opinion with careful attention to this Court's cases and to its own precedent, the "stream of commerce" metaphor carried the decision far afield. [1] Due process protects the defendant's right not to be coerced except by lawful judicial power. As a general rule, the exercise of judicial power is not lawful unless the *defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson* v. *Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). There may be exceptions, say, for instance, in cases involving an intentional tort. But the general rule is applicable in this products-liability case, and *the so-called "stream-of-commerce" doctrine cannot displace it*."   (emphasis added). *J. McIntyre Machinery, Ltd., v. Nicastro*, 564 U.S. 873, 877; 131 S. Ct. 2780; 180 L. Ed. 2d 765 (2011).

## LEGAL ARGUMENT

### POINT I.      Defendant MEK Chemical Never Imported any Goods into New Jersey

Defendant MEK Chemical never imported the goods into New Jersey, nor as Plaintiff Honeywell requests the Court to accept, specific jurisdiction based on infringing acts occurring within the District of New Jersey which have never occurred.

### A. The Premise of a Specific Act of Infringement in the District of New Jersey is Wrong

All of the allegations in Paragraphs 5 and 6 of the Complaint, and in Honeywell's Memorandum of Law in Opposition to Defendant MEK Chemical's Motions to Dismiss are based on the unverified "evidence" of the Bill of Lading Detail (Exhibit L to Plaintiff's

Opposition to Defendant's Motion to Dismiss) as supported by the "belief" set forth in the Rastogi Declaration (Exhibit A to Plaintiff's Opposition to Defendant's Motion to Dismiss) that "the Court can properly exercise personal jurisdiction over MEK because, by importing the infringing product into New Jersey, MEK has 'purposely directed' its activities to residents of this State."   The Plaintiff's basis for personal jurisdiction relies almost exclusively on an unverified "Bill of Lading Detail" document (Exhibit L) that purports to support Honeywell's statements that ". . . the bill of lading obtained by Honeywell shows MEK was the 'consignee' of at least one shipment of infringing product, and that the product was delivered at MEK's direction *to New Jersey*." (emphasis in original).  See Plaintiff's Memorandum in Opposition, p. 9.  The Wyatt Affidavit belies that contention and proves it to be without any merit whatsoever. Once this contention is shown to be wrong, the complete jurisdictional basis of Honeywell's Complaint falls apart like a house of cards.

**B.     The Final Destination of the Shipment Relied Upon Was to Chicago, Illinois**

As unequivocally shown in the Wyatt Affidavit and supporting documents, the Final Destination of the shipment was to Chicago.   The "Bill of Lading Detail" propounded by Plaintiff Honeywell (Exhibit L) fails to show the crucial information thereon of the Final Destination of the shipment to Chicago, Illinois.  As set forth in the Wyatt Affidavit, supported by the documentary evidence, Exhibits A-D, the shipment was offloaded at the Port of New York, and shipped in-bond, that is, sealed and without inspection from there to Chicago, Illinois. The documents further provide clear and convincing evidence that the shipment was cleared by Customs (U.S. Department of Homeland Security) in Chicago.  "DHS form no. 1661-0022 Entry Summary", further shows that it was signed by Ms. Wyatt, on September 25, 2015 in Elk Grove Village, Illinois, and that the shipment was picked up there by Defendant MEK Chemical on October 2, 2015.  Nowhere do the actual documents show any presence of the shipment in New

4

Jersey or that the goods were in any way shipped into New Jersey, as assumed by Plaintiff Honeywell.  No act of infringement could have occurred in the State of New Jersey, since the shipment was never sent to New Jersey, was not unsealed there, and the goods were not even inspected there.

**POINT II.    MEK Chemical never availed itself of New Jersey's jurisdiction**

Even assuming arguendo (despite no evidence other than the unverified Bill of Lading Detail Exhibit L propounded by Plaintiff) that upon leaving the Port of New York, the independent shipper had occasion to transship the goods through New Jersey, that allegation by itself fails to rise to a minimum contact that would grant personal jurisdiction over Defendant MEK Chemical to this Court.  At best, transshipment through New Jersey would be a fleeting, insubstantial and legally insignificant contact of the shipment in New Jersey, not in any way directed by any action of the Defendant MEK Chemical and without any desire to avail itself of the forum's jurisdiction.

As for the "Stream of commerce" theory proposed by the Plaintiff Honeywell in opposition to the dismissal motion (p. 13 of Memorandum in Opposition), the Supreme Court has already discounted such a basis for jurisdiction in a case brought under the New Jersey Long Arm Statute.  In *J. McIntyre Machinery, Ltd., v. Nicastro*, 564 U.S. 873, the US Supreme Court found no personal jurisdiction over a defendant even though four of the machines at issue were shipped into New Jersey because the "[Respondent had] not established that [the Defendant] engaged in conduct purposefully directed at New Jersey. *J. McIntyre,* 564 U.S. at 886.

In this case, any decision by the shipper as to the specific route by which the goods would be shipped was independent of any instructions by MEK Chemical, as the intent and desire by MEK Chemical was to have the shipment delivered to Chicago, Illinois.  That was indeed done, and MEK never had control of the shipped goods as "Consignee" until the shipment was cleared

by Customs in Chicago, Illinois, and the shipment was picked up by MEK Chemical. Subsequent to picking up the shipment after it was released by Customs, MEK Chemical did not reship the goods to New Jersey, as is unequivocally set forth in the verified affidavit of Botao Liu (Exhibit A to Defendant MEK Chemical's Motion to Dismiss). None of the allegations in the Complaint, nor anything provided by Plaintiff Honeywell in its Memorandum in Opposition to the Motion to Dismiss, provides a scintilla of evidence that MEK intended invoke the benefits and protections of the laws of the State of New Jersey so as to render MEK Chemical subject to personal jurisdiction in this District.

**POINT III.    Venue is Improper Both under 28 USC §1391 and under 28 USC §1400(b)**

Venue under 28 USC §1391(c) or §1400(b) both require personal jurisdiction over Defendant MEK Chemical, which has been shown above to be lacking. Regarding proper venue, Defendant MEK Chemical continues to rely on the arguments made in their Memorandum in Support of its Motions to Dismiss, as well as on the plain meaning of the patent venue statute. It has also been asserted in the Liu Affidavit (Exhibit A to MEK Chemical's Motion to Dismiss) that no evidence exists or even can exist that the Defendant has committed acts of infringement *and* has a regular place of business in the District of New Jersey. Thus, MEK Chemical is not a "resident" of New Jersey for purposes of the special venue statute, since the Court lacks personal jurisdiction because MEK Chemical lacks even minimum contacts in the District of New Jersey. The Supreme Court has deemed 28 USC §1400(b) to be "the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 USC §1391(c)." *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957). Under any reasonable interpretation of the special venue provisions for patent infringement actions found in 28 USC §1400(b), venue is improper in this District.

6

**POINT IV.    Response to Honeywell's Memorandum in Opposition**

Honeywell has submitted in its Memorandum in Opposition to MEK Chemical's Motion to Dismiss, among other matters, a long-winded history of the travails of the process server in his efforts to serve the Summons and Complaint.    Most of Honeywell's Memorandum is not germane to the issues of personal jurisdiction and venue.   The Honeywell has simply provided these documents and evidentiary materials as an aside to the issues presently before the Court in an effort to deflect and obfuscate the facts.   Defendant shall not countenance such efforts and will not respond to the issues except to point out that the documents in Honeywell's' Memorandum further support Defendant MEK Chemical's contention that it would be against "traditional notions of fair play and substantial justice." *International Shoe Co.* v. *Washington*, 326 U. S. 310, 316.   It is against such notions of fair play and substantial justice to permit a multinational conglomerate, such as the Plaintiff Honeywell, to allege jurisdiction over a small local company in a forum inconvenient to Defendant, and more significantly to a forum as shown above in which the Court lacks jurisdiction.

Defendant MEK Chemical's refutation of the legal basis of Honeywell's "stream of commerce" argument is set forth in the section headed RELEVANT LEGAL STANDARDS.

With respect to Exhibit N of Honeywell's Memorandum in Opposition (Copy of Defendant MEK Chemical's draft Motion for Sanctions under Rule 11), Defendant MEK Chemical had no intention of raising this matter into the present Motion to Dismiss during the 21 day "safe harbor" period provided by Rule 11.   However, injection by Plaintiff Honeywell into its Memorandum in Opposition the issue of sanctions invites the following response.   Plaintiff Honeywell failed to avail itself of the ample opportunity to ascertain the authenticity and completeness of the bill of lading document (Exhibit L to Plaintiff's Opposition to Defendant's

Motion to Dismiss) on which it based its faulty allegation of personal jurisdiction over Defendant MEK Chemical.

Plaintiff's counsel was put on notice by the Economou to Rose letter dated January 11, 2017 (Exhibit K to Plaintiff's Opposition to Defendant's Motion to Dismiss) that the document that formed the basis of the allegation of jurisdiction was faulty, incomplete and was being misread.  Indeed, Plaintiff's counsel in his letter dated January 10, 2017 (Exhibit J to Plaintiff's Opposition to Defendant's Motion to Dismiss) had proposed a telephone conference "before we approach Court" regarding the issue.   The first proposed time given to counsel for Honeywell (Exhibit K to Plaintiff's Opposition to Defendant's Motion to Dismiss, par. 2) was put off by Honeywell's counsel and the alternate time proposed by Honeywell's counsel for a telephone conference was never implemented, as promised.   Thus, Defendant's counsel was forced to further investigate the facts, to uncover the documents that are now appended hereto as Exhibits A-D to the Wyatt Affidavit, and to elicit the facts in that Affidavit so that the facts could be incontrovertibly established.   No reason has been provided to date for that failure to take advantage of the offer of information being sought. Plaintiff Honeywell has failed to provide any reasonable basis on which to allege jurisdiction in New Jersey.  Defendant's position consistently has been that no infringement has ever occurred in New Jersey.  Defendant is now in position to submit positive evidence of the facts of this matter in the form of the Wyatt Affidavit and supporting Exhibits A-D.

## CONCLUSION

Personal Jurisdiction over Defendant MEK Chemical, both general and specific, is lacking and has not been properly alleged.  Lack of personal jurisdiction over Defendant MEK Chemical renders venue improper in this District under either the general or the special venue statutes.

Venue is improper both because personal jurisdiction is lacking and also because the remaining requirements of 28 USC §1400(b) have not been met.  Defendant MEK Chemical neither "resides", nor has any property or an established place of business, nor has engaged in any activities in this District that would subject it to jurisdiction by this Court.

For the above reasons and for those stated in our original brief in support of the motion, Defendant respectfully requests this Honorable Court to dismiss this action.


GOLDBERG SEGALLA LLP


BY:     /s/ Michael J. Leegan, Esq.
        **Michael J. Leegan, Esq. [ID#: 026311995]**
        902 Carnegie Center, Suite 100
        Princeton, New Jersey 08540-6530
        (609) 986-1300
        (609) 986-1301  (fax)
        *Attorneys for Defendant, MEK Chemical*

# EXHIBIT 1

Michael J. Leegan, Esq. [ID#: 026311995]
**GOLDBERG SEGALLA LLP**
902 Carnegie Center, Suite 100
Princeton, New Jersey 08540-6530
Tel.:  (609) 986-1300
Fax.:  (609) 986-1301
e-mail:  mleegan@goldbergsegalla.com

**Vangelis Economou, Esq.**  *(pro hac vice* to be filed)
**ECONOMOU IP LAW**
P.O. Box A-3220
Chicago, IL 60690-3220
Tel.: (847) 644-3500
Fax: (312) 427-9438
e-mail:  Van@EconomouIP.com
*Attorneys for Defendant, MEK Chemical Corporation*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>MEK CHEMICAL CORPORATION<br><br>    Defendant. | Civil Action No.: 2:16-cv-09322<br><br><br>**AFFIDAVIT OF STEPHANIE WYATT IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) and 12(b)(3)** |

Stephanie Wyatt, a citizen and resident of the State of Illinois, being duly sworn, deposes and says:

1.      I am Stephanie Wyatt, a Customs Broker employed by Catalyst Customs Brokers ("Catalyst").  I have held the position of Vice President of Catalyst since 2008.

2.      Catalyst is located at 2252B Landmeier Road, Elk Grove, IL 60007.

3. Catalyst has been the customs broker for MEK Chemical since about December, 2011.

4. I personally know Mr. Botao Liu, President of MEK Chemical Corporation ("MEK Chemical"). MEK Chemical has been my responsibility for Catalyst in obtaining customs clearance in the Chicago area since December 2011.

5. I have personal knowledge of a shipment addressed for delivery to MEK Chemical on or about September – October 2015. The shipment in question had a Bill of Lading Number VGLTUILE5060253. A copy of the Bill of Lading Pick Up Order is attached hereto as **Exhibit A**. The Bill of Lading Catalyst is listed as Broker and delivery is to be made to MEK Chemical located at 4320 Winfield Road, Suite 200, Warrenville, IL 60555.

6. The shipment in question is further associated with an Arrival Notice dated September 21, 2015 having the identical Bill of Lading Number VGLTUILE5060253. A copy of the Arrival Notice is attached hereto as **Exhibit B**. Catalyst is listed as Broker and final destination delivery is indicated to be made to Chicago for delivery to MEK Chemical located at 4320 Winfield Road, Suite 200, Warrenville, IL 60555.

7. The shipment entered the United States in the Port of New York, NY on September 23, 2015, but it had not been cleared by Customs at the Port of New York, NY. Instead, it traveled in-bond to Chicago carried by a designated land carrier and was transported unsealed to the warehouse of AZ Midwest (Transtar Int'l.).

8. As shown on the Arrival Notice (**Exhibit B**), the final destination of the shipment was in Chicago, at the AZ Midwest/Transtar Int'l. warehouse.

9. The shipment was cleared by Customs in Chicago and was unbonded at the AZ Midwest (Transtar Int'l.) location at 875 E. Devon Avenue, Elk Grove Village, IL 60007.

10. I was responsible for clearing Customs for this shipment, as shown in the Entry Summary document signed by me on September 25, 2015, attached hereto as **Exhibit C.**

11. The Release Order directed to AZ Midwest/ Transtar Int'l. for the shipment, attached hereto as **Exhibit D**, shows that the shipment was released to MEK Chemical Corporation of Warrenville, IL. It shows that the Release by Customs in Chicago to MEK Chemical occurred on October 2, 2015.

12. From my personal knowledge, and based on my experience as a licensed customs broker since 1996, the attached documents (**Exhibits A-D**) clearly establish that the shipment

was never intended to be delivered and was never delivered to Newark nor to any other place in New Jersey.  It was intended to be and indeed was transported in bond and delivered to the Chicago warehouse of AZ Midwest/ Transtar Int'l.

13.   As shown in the Pick Up Order (**Exhibit A**) MEK picked up the shipment by Self-Pickup on October 2, 2015.

I hereby certify that the foregoing statements made by me are true to the best of my knowledge and that all statements made on information and belief are believed to be true . I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Stephanie Wyatt*

Stephanie Wyatt, Vice President CHB# 15220
Catalyst Customs Brokers

Sworn and subscribed to before me
this 27th day of January 2017.

Notary Public

# EXHIBIT A

PICK UP ORDER AND BILL OF LADING

MEK CHEMICAL CORPORATION
4320 WINFIELD ROAD STE 200
WARRENVILLE, IL. 60555
(630)206-4088

| DATE: | OUR REF. NO. |
|---|---|
| 10/02/15 | 1508392 |

THE MERCHANDISE DESCRIBED BELOW
WILL BE ENTERED AND FORWARDED AS
FOLLOWS:

| IMPORTING CARRIER | LOCATION | FROM PORT OF ORIGIN AIRPORT |
|---|---|---|
| HY DYNASTY 042 | TRANSTAR INTERNATIONAL, INC. | |

| B/L OR AWB NO. | ARRIVAL DATE | FREE TIME EXP: | LOCAL DELIVERY OR TRANSFER BY (DELIVERY ORDER ISSUED TO) |
|---|---|---|---|
| HDMUQSWB5894607 | 09/30/15 | | SELF PICK UP |

| | | HAWB NO: | ENTRY NO. | CUST. REF. NO: |
|---|---|---|---|---|
| | | VGLTUILE15060253 | CDU-1508392-1 | |

| FOR DELIVERY TO | ROUTE |
|---|---|
| MEK CHEMICAL CORPORATION<br>4320 WINFIELD ROAD STE 200<br><br>WARRENVILLE        IL. 60555<br>Contact: MIKE LIU Phone: (630)206-4088 | |

| NO. OF PKGS. | DESCRIPTION OF ARTICLES, SPECIAL MARKS & EXCEPTIONS | WEIGHT | DO NOT USE |
|---|---|---|---|
| 1 | PKGS CONTAINING:<br>    FLUORINATED HYDROCARBONS,O<br>1 CONTAINER ON THIS DELIVERY ORDER:<br>    HDMU2559263<br>I.T. NUMBER: 330019594<br><br>PU # 30865-6<br>LFD: 10/8 | 573     # | |

ORIGINAL DELIVERY ORDER

**INLAND FREIGHT** ➤ PREPAID/COLLECT
PREPAID

Received in Good Order
By:

CATALYST CUSTOMS BROKERS
PER:

**DELIVERY CLERK: DELIVER
TO CARRIER SHOWN ABOVE**

# EXHIBIT  B

## US PACIFIC SHIPPING CORP.
5900 S. EASTERN AVE. #140 COMMERCE, CA 90040
TEL: 323-726-8008  FAX: 323-622-1945  EMAIL: sales@pacificshipping.us

# ARRIVAL NOTICE / FREIGHT INVOICE

| SHIPPER YANTAI BNC IMP AND EXP CO. LTD. | REFERENCE NO. **PSOI-17701** | DATE **9/21/15 1:35 PM** |
|---|---|---|
| | MASTER B/L NO. **HDMUQSWB5894607** | PREPARED BY **BILL** |
| CONSIGNEE **MEK CHEMICAL CORPORATION** **4320 WINFIELD ROAD SUITE 200** **WARRENVILLE, IL 60555 USA** **TEL:630-206-4088 x 113** | SUB B/L NO. **HDMUQSWB5894607** | HOUSE B/L NO. **UILE15060253** |
| | AMS B/L No. **VGLTUILE15060253** | CUSTOMER REF. NO. |

| NOTIFY PARTY **MEK CHEMICAL CORPORATION** **4320 WINFIELD ROAD SUITE 200** **WARRENVILLE, IL 60555 USA** **TEL:630-206-4088 x 113** | VESSEL & VOY NO. **HYUNDAI DYNASTY 042E** | |
|---|---|---|
| | PORT OF LOADING **SHANGHAI,CHINA** | ETD **08/27/15** |
| | PORT OF DISCHARGE **ELIZABETH,NEW YORK, NY** | ETA **09/23/15** |
| BROKER | PLACE OF DELIVERY **ELIZABETH,NEW YORK, NY** | ETA **09/23/15** |
| | FINAL DESTINATION **CHICAGO,IL** | ETA **09/30/15** |

| FREIGHT LOCATION **AZ MIDWEST /TRANSTAR INT'L    TEL:847-350-0631** | FIRM CODE | AVAILABLE DATE |
|---|---|---|
| CY LOCATON **MAHER TERMINAL** | LAST FREE DATE | G.O. DATE |

| I.T. NO :    330019583 | DATE :  09/23/15 | PLACE :  **NEW YORK** |
|---|---|---|

PARTICULARS FURNISHED BY SHIPPER

| CONTAINER NO./SEAL NO. MARKS & NOS. | NO. OF CONT. NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| **AS ADDR.** ***** Container No.** **HDMU2559263 / 20DR / F131306** | **1 CTN** **20DR x 1** | **MK 422** | **260.00 KGS** **573.20 LBS** | **2.000 CBM** **71 CFT** |

"ORIGINAL B/L REQUIRED"

**CFS/CFS**

| REMARK:    09/21--CFS LOADING $255 DAD $35 INSURANCE $25 DOC $23.5 PTT $35 EQUIPMENT $10 FUEL $10 |
|---|

Please send company check or cashier's check payable to "US Pacific Shipping Corp."$35.00 will be charge for returned check.
Freight only released upon presentation of original check and properly endorsed original bill of lading.
Prior to cargo pick-up, please confirm freight is released with Pier/CFS.  All cargo must be customs cleared prior to pick up.
These charges are for the account of the ultimate consignee to whom this freight is released.***Please allow 48 hours for processing of freight release.***We do not accept faxed copies of original bill of ladings or checks.Cargo must be picked up within the free time to avoid additional charges.To insure prompt credit of payment, please return a copy of the invoice with your payment.

## Invoice No :  INV-22225 Due date:9/18/2015

| DESCRIPTION OF CHARGES | PREPAID | COLLECT |
|---|---|---|
| CHASSIS FEE | 0.00 | 10.00 |
| PORT CONGESTION FEE | 0.00 | 14.00 |
| DG SURCHARGES | 0.00 | 500.00 |
| CFS FEE | 0.00 | 393.50 |
| I.T. CHARGE | 0.00 | 25.00 |
| INLAND MOVING FEE | 0.00 | 400.00 |
| HANDLING CHARGE | 0.00 | 85.00 |
| | | |
| **TOTAL AMOUNT     USD** | **0.00** | **1,427.50** |

# EXHIBIT  C

Form Approved OMB No. 1651-0022
EXP. 03-31-2012

**DEPARTMENT OF HOMELAND SECURITY**
**U.S. Customs and Border Protection**
**ENTRY SUMMARY**

| 1. Filer Code/Entry No. CDU-1508392-1 | 2. Entry Type 11 ABI/A | 3. Summary Date 10/09/15 061 |
|---|---|---|

| 4. Surety No. 856 | 5. Bond Type 8 | 6. Port Code 3901 | 7. Entry Date 09/25/15 |
|---|---|---|---|

| 8. Importing Carrier HY DYNASTY | 9. Mode of Transport 11 | 10. Country of Origin CN | 11. Import Date 09/23/15 |
|---|---|---|---|

| 12. B/L or AWB No. HDMUQSWB5894607 | 13. Manufacturer ID CNYANBNC152YAN | 14. Exporting Country CN | 15. Export Date 08/27/15 |
|---|---|---|---|

| 16. I.T. No. 330019594 | 17. I.T. Date 09/23/15 | 18. Missing Docs | 19. Foreign Port of Lading 57035 | 20. U.S. Port of Unlading 4601 |
|---|---|---|---|---|

| 21. Location of Goods/G.O. No. K980 | 22. Consignee No. SAME | 23. Importer No. 45-355252900 | 24. Reference No. |
|---|---|---|---|

| 25. Ultimate Consignee Name and Address | 26. Importer of Record Name and Address |
|---|---|
| | MEK CHEMICAL CORPORATION<br>4320 WINFIELD ROAD STE 200 |
| City          State IL      Zip | City WARRENVILLE      State IL   Zip 60555 |

| 27. Line No. | 28. Description of Merchandise | | | 32. A. Entered Value B. CHGS C. Relationship | 33. A. HTSUS Rate B. AD/CVD Rate C. IRC Rate D. Visa No. | 34. Duty and I.R. Tax | |
|---|---|---|---|---|---|---|---|
| | 29. A. HTSUS No. B. AD/CVD Case No. | 30. A. Gross Weight B. Manifest Qty. | 31. Net Quantity in HTSUS Units | | | Dollars | Cents |
| | (1) CNTNS CTNG:<br> 260.00kg | | | NOT RELATED | | | |
| 001 | FLUORINATED HYDROCARBONS,O<br>2903.39.2030 | 260kg | 180 KG | 1971<br>C270<br>----------<br>1971 | 3.70% | | 72.93 |
| | Total Invoice | = | 1971.00 | | | | |
| | @1.000000 | = | 1971.00 | | | | |
| | Entered Value | = | 1971 | | | | |

| Other Fee Summary for Block 39 311        2.00 | 35. Total Entered Value $        1971 | CBP USE ONLY | | TOTALS |
|---|---|---|---|---|
| | Total Other Fees $        2.00 | A. LIQ CODE | B. Ascertained Duty | 37. Duty 72.93 |
| **38. DECLARATION OF IMPORTER OF RECORD (OWNER OR PURCHASER) OR AUTHORIZED AGENT** | | REASON CODE | C. Ascertained Tax | 38. Tax .00 |

| | |
|---|---|
| I declare that I am the ☐ importer of record and that the actual owner, purchaser, or consignee for CBP purposes is as shown above, OR ☒ owner or purchaser or agent thereof. I further declare that the merchandise ☒ was obtained pursuant to a purchase or agreement to purchase and that the prices set forth in the invoices are true, OR ☐ was not obtained pursuant to a purchase or agreement to purchase and the statements in the invoices as to value or price are true to the best of my knowledge and belief. I also declare that the statements in the documents herein filed fully disclose to the best of my knowledge and belief the true prices, values, quantities, rebates, drawbacks, fees, commissions, and royalties and are true and correct, and that all goods or services provided to the seller of the merchandise either free or at reduced cost are fully disclosed. I will immediately furnish to the appropriate CBP officer any information showing a different statement of facts. | D. Ascertained Other 39. Other 2.00<br><br>E. Ascertained Total 40. Total 74.93 |

| 41. DECLARANT NAME | TITLE | SIGNATURE 09/01/17 CUSTOMS BROKERS,ATTY | DATE 09/25/15 |
|---|---|---|---|

| 42. Broker/Filer Information (Name, Address, phone number) CATALYST CUSTOMS BROKERS 2252 B LANDMEIER ROAD ELK GROVE VILLAGE, IL. 60007 2243662002 | 43. Broker/Importer File No. 1508392 Paperless For Paperwork Reduction Act information click below. |
|---|---|

CBP Form 7501 (06/09)

```
CBP0353  2.91  08/06/15                ACE CARGO RELEASE PROCESSING RESULTS REPORT                    PAGE:    1
AS OF 09/25/15 12:43:04                     FOR: CDU CATALYST CUSTOMS BRO
```

```
        District/Port of Entry..: 3901              Entry Number.....: 1508392-1
        Filer Code.............: CDU                File Number......: 1508392
        Importer Number.........: 45-355252900      Name............: MEK CHEMICAL CORPORATION
        Entry Type Code.........: 11                Arrival Date.....: 09/24/15
        Voyage/Flight/Trip......: 42E               Vessel Name......: HYUNDAI DYNASTY
        Carriewr Code...........: HDMU              Split Shipment...:
        Port of Entry...........: 3901


        Reference Code..........: Reference Number
        Reference Data.........: 1508392


        Bill Type...............: Master Bill of Lading       Issuer Code......: HDMU
        Bill Number.............: QSWB5894607                 Entered Quantity.:
        Unit of Measure.........:                             Manifest Quantity:


        Bill Type...............: House Bill of Lading        Issuer Code......: VGLT
        Bill Number.............: UILE15060253                Entered Quantity.: 00000001
        Unit of Measure.........:                             Manifest Quantity: 00000001


        Disposition Date........: 09/25/15          Disposition Time.: 09:02
        Dispositon Code.........: 95                Message..........: BILL ARRIVED
        Split Shipment?.........:                   Carrier Code.....:
        Voyage/Flight/Trip......:                   Arrival Date.....:
        Port of Arrival.........:


        Disposition Date........: 09/25/15          Disposition Time.: 09:02
        Disposition Code........: 98                Message..........: RELEASED
        Release Date............: 09/25/15
        Releasae Origin.........: Selectivity Processing Date
        REQUIRED Document.......:
```

CATALYST CUSTOMS BROKERS
2252 B LANDMEIER ROAD
ELK GROVE VILLAGE, IL. 60007
Phone: (224)366-2002 FAX: (224)366-2001

DEPARTMENT OF HOMELAND SECURITY U.S.
Customs and Border Protection

**ENTRY/IMMEDIATE DELIVERY**
19 CFR 142.3, 142.16, 142.22, 142.24
MESSENGER: AIRSPED

CDU

OMB No. 1651-0024
Exp. 04-30-2015

AMS Carrier

ABI CERTIFIED
CST # 61

| 1. ARRIVAL DATE | 2. ELECTED ENTRY DATE | 3. ENTRY TYPE CODE/NAME | 4. ENTRY NUMBER |
|---|---|---|---|
| 093015 | 092515 | 11 | CDU-1508392-1 |
| 5. PORT | 6. SINGLE TRANS. BOND | 7. BROKER/IMPORTER FILE NUMBER | |
| 3901 | | 1508392 | |
| | 8. CONSIGNEE NUMBER | | 9. IMPORTER NUMBER |
| | 45-355252900 | | 45-355252900 |

| 10. ULTIMATE CONSIGNEE NAME | 11. IMPORTER OF RECORD NAME |
|---|---|
| MEK CHEMICAL CORPORATION<br>4320 WINFIELD ROAD STE 200<br>WARRENVILLE        IL. 60555 | MEK CHEMICAL CORPORATION<br>4320 WINFIELD ROAD STE 200<br>WARRENVILLE        IL. 60555 |

| 12. CARRIER CODE | 13. VOYAGE/FLIGHT/TRIP | 14. LOCATION OF GOODS-CODE(S)/NAME(S) |
|---|---|---|
| HDMU | 042 | K980      TRANSTAR INTERNATIONAL, I |

| 15. VESSEL CODE/NAME | | | |
|---|---|---|---|
| HY DYNASTY | | | |
| 16. U.S. PORT OF UNLADING | 17. MANIFEST NUMBER | 18. G. O. NUMBER | 19. TOTAL VALUE |
| 4601 | | | 1971 |

20. DESCRIPTION OF MERCHANDISE

FLUORINATED HYDROCARBONS,O

| 21. IT/BL/AWB CODE | 22. IT/BL/AWB NO. | 23. MANIFEST QUANTITY | 24. H.S. NUMBER | 25. COUNTRY OF ORIGIN | 26. MANUFACTURER NO. |
|---|---|---|---|---|---|
| I | 330019594 | | 2903.39.2030 | CN | CNYANBNC152YAN |
| M | HDMUQSWB5894607 | | | | |
| H | VGLTUILE15060253 | 1 | | | |

| 27. CERTIFICATION | 28. CBP USE ONLY |
|---|---|
| I hereby make application for entry/immediate delivery. I certify that the above information is accurate, the bond is sufficient, valid, and current, and that all requirements of 19 CFR Part 142 have been met.<br><br>SIGNATURE OF APPLICANT<br>**X**      CATALYST CUSTOMS BROKER ATTY-N-FACT<br>PHONE NO.                              DATE<br>(224)366-2002          08/24/15 | ☐ OTHER AGENCY ACTION REQUIRED, NAMELY:<br><br><br>☐ CBP EXAMINATION REQUIRED.<br><br>☐ ENTRY REJECTED, BECAUSE: |

29. BROKER OR OTHER GOVT. AGENCY USE

98     RELEASED
CONTAINER(S): HDMU2559263

| DELIVERY AUTHORIZED: | SIGNATURE | DATE |
|---|---|---|

Paperwork Reduction Act Statement: An agency may not conduct or sponsor an information collection and a person is not required to respond to this information unless it displays a current valid OMB control number and an expiration date. The control number for this collection is 1651-0024. The estimated average time to complete this application is 15 minutes. If you have any comments regarding the burden estimate you can write to U.S. Customs and Border Protection, Office of Regulations and Rulings, 799 9th Street, NW., Washington DC 20229.

CBP Form 3461 (10/09)

# EXHIBIT  D

**US PACIFIC SHIPPING CORP.**

5900 S. EASTERN AVE. #140 COMMERCE, CA 90040TEL : 323-726-8008 FAX : 323-622-1945 EMAIL : sales@pacificshipping.us

# RELEASE ORDER / TURNOVER

| | Release by : bill | 10/02/2015 |
|---|---|---|
| | Print by : bill | 10/02/2015 09:17 |

| To : AZ MIDWEST /TRANSTAR INT'L<br>875 EAST DEVON AVE.<br>ELK GROVE VILLAGE, IL 60007 USA<br>TEL : 847-350-0631 FAX : 847-350-0477<br>Email : James Lagreca <JLagreca@azcfs.com> | Release To : MEK CHEMICAL CORPORATION<br>4320 WINFIELD ROAD SUITE 200<br>WARRENVILLE, IL 60555<br>TEL :630-206-4088 x 113 |
|---|---|

| Reference No. : PSOI-17701 | Vessel/Voy. No: HYUNDAI DYNASTY 042E |
|---|---|
| Master B/L No. : HDMUQSWB5894607 | I.T. No. : 330019594 |
| House B/L No. : UILE15060253 | Container No. : HDMU2559263 / 20DR / F131306 |
| Sub B/L No. : HDMUQSWB5894607 | |
| AMS B/L No. : VGLTUILE15060253 | |
| ETA : 09/30/15 | |

| MARKS & NOS. | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | WEIGHT & CBM | PORT OF LOADING & ETD |
|---|---|---|---|---|
| AS ADDR. | 1 CTN | MK 422 | KGS : 260.00<br>LBS : 573.20<br>CBM : 2.00 | SHANGHAI,CHINA<br>08/27/15 |

| SPECIAL INSTRUCTIONS |
|---|
| |

**Please retain this copy until cargo is released.**
**If any problems occur or if you have any questions, please contact us.**
**Thank You for your support.**